IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABIKY BLANCO MOLINA,** | : Civil No. 1:19-cv-01707 |
| **Plaintiff,** | : |
| v. | : |
| **DEAN TIMMONS, D.L. GEORGE & SONS TRANSPORTATION, INC., and SPECIALTY GRANULES LLC,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the Court is the motion to dismiss and strike by Defendants Dean Timmons ("Timmons") and D.L George & Sons Transportation, Inc. ("DLG"). For the reasons set forth below, the motion will be denied.

### I. **BACKGROUND**

On February 28, 2019, while driving a tractor trailer, Abiky Blanco Molina ("Molina") drove to the Charmian Plant and was directed to pull into the first of three tractor trailer silos that are used for loading and unloading. (*Id*. ¶¶ 22, 23) Molina backed his trailer into the first silo, and stepped into the second Silo to ensure that he was properly backed in. (*Id*. ¶¶ 27, 28.) Around this time, an employee at the plant instructed Molina to pull his tractor trailer forward. (*Id*. ¶ 33.) Molina therefore returned to the tractor trailer, pulled it forward a few feet, exited the cab, and again

stepped into the second silo to determine whether he was in the right location. (*Id*. ¶ 37.)

When he was exciting the cab, Molina noticed a truck driven by Timmons, who was working as truck driver for DLG, "sped passed the Granule Loadout" at a considerably greater speed than a similar truck that had just passed by, and narrowly missed hitting a parked vehicle. (*Id*. ¶¶ 42,43.) According to the complaint, Timmons was on his "seventh load and haul of the day." (*Id*. ¶ 41.)

Timmons then "momentarily brought his truck to an abrupt stop," and began reversing into the second silo at a continuous, high rate of speed without first checking his mirrors. (*Id*. ¶¶ 42, 44, 47.) The back of the trailer knocked Molina, who was standing in the second Silo, to the ground. Timmons continued reversing, running over Molina's midsection with the trailer's two right rear axles. (*Id*. ¶¶ 48, 49) As a result, Molina sustained injuries including multiple pelvis fractures, significant nerve damage, lumbar injury, scarring, and psychological injury. (*Id*. ¶ 63.)

On September 27, 2019, Molina filed a complaint in the Court of Common Pleas of Luzerne County. (Doc. 1 ¶ 1.) As relevant here, the complaint asserts direct and vicarious liability negligence claims against Timmons and DLG respectively,

and within those claims alleges reckless conduct.[1] On October 1, 2019, the action was removed to this court. (Doc. 1.) On October 15, 2019, Timmons and DLG moved to dismiss the complaint's recklessness allegations and requests for punitive damages.[2] (Doc. 7.) Molina has responded. (Doc. 15.) The motion is thus ripe for disposition.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In reviewing a 12(b)(6) motion, the court must "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018) (citation omitted). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations,

---

[1] "Pennsylvania courts have long held that allegations of recklessness and similar allegations of the degrees of negligence as asserted by the plaintiffs do not give rise to a separate tort claim under Pennsylvania law." *White v. Trybala*, No. 3:19-CV-14, 2019 WL 2119982, at *2 (M.D. Pa. May 15, 2019).

[2] DLG's and Timmons's requests that the court dismiss Molina's negligent hiring claim asserted against DLG and strike certain paragraphs of the complaint are moot and therefore need not be addressed. After the motion was filed, Molina filed a stipulation dismissing the negligent hiring claim and striking the relevant paragraphs. (Doc. 11.)

3

brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. <u>DISCUSSION</u>

DLG and Timmons move to dismiss Molina's recklessness allegations and punitive damages demands. Under Pennsylvania law, "an allegation that a defendant knew or should have known of a high degree of risk to others, and that a plaintiff acted recklessly or indifferently, causing injuries to a plaintiff is sufficient to survive a motion to dismiss." *Osti v. Shaw*, No. 3:10-CV-00183, 2010 WL 3328027, at *4 (M.D. Pa. Aug. 23, 2010) (citing *Logue v. Logano Trucking Co.,* 921 F.Supp. 1425,

4

1427–28 (E.D. Pa. 1996); *Lindsay v. Kvortek*, 865 F.Supp. 264, 268 (W.D. Pa. 1994)).

Here, the complaint adequately alleges reckless conduct. Molina alleges that Timmons backed up his truck in a tractor trailer silo at a continuous high rate of speed without checking his mirrors; narrowly missed hitting another vehicle; struck and knocked over Molina with the back end of his trailer, and continued reversing; drove over Molina's midsection, impacting Molina so forcefully that Molina's hard hat "fl[ew] up onto the top of his trailer"; and continued to reverse after his truck "lift[ed] into the air" from running over Molina. (Doc. 1-2, ¶¶ 43-52.) Assuming the truth of the complaint and drawing all reasonable inferences in favor of Molina, these allegations sufficiently plead that Timmons knew or should have known that his actions posed a high degree of risk to others, and that he nevertheless acted indifferently to that risk.[3] *See e.g.*, *White v. Trybala*, No. 19-14, 2019 WL 2119982, at *2-3 (M.D. Pa. May 15, 2019) (denying motion to dismiss recklessness allegation where the plaintiff pled that tractor-trailer driver failed to stop at a red light).

For the same reasons, the complaint sufficiently demands punitive damages, which "may be awarded in Pennsylvania for reckless conduct—that is, conduct less culpable than intentional or willful action[.]" *Brand Mktg. Grp. LLC v. Intertek*

---

[3] DLG does not argue that the complaint fails to sufficiently allege that it is vicariously liable for Timmons purported reckless conduct.

*Testing Servs., N.A., Inc.*, 801 F.3d 347, 359 (3d Cir. 2015) (citing *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983–84 (Pa. Super. Ct. 2005). Molina plausibly alleges that Timmons "knew or had reason to know of facts which create a high degree of risk of physical harm to another, and deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk." *Vicky M. v. Ne. Educ. Intermediate Unit 19*, 486 F. Supp. 2d 437, 464 (M.D. Pa. 2007) (citation omitted); *see Cobb v. Nye*, No. 4:14-CV-0865, 2014 WL 7067578, at *1 (M.D. Pa. Dec. 12, 2014) (declining to dismiss recklessness allegations and punitive damages request where the complaint alleged that the defendant failed to properly slow down his tractor trailer and struck the vehicle in front of him).

While the complaint arguably does not allege that DLG directly acted recklessly, under Pennsylvania law, "a plaintiff may recover punitive damages from a party under a theory of vicarious liability." *Jiminez v. All Am. Rathskeller, Inc.*, No. 4:04-CV-1897, 2005 WL 8167979, at *8 (M.D. Pa. Apr. 1, 2005) (holding that the plaintiff may seek punitive damages by asserting vicarious liability for the reckless acts of their agents) (citing *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998)).

## IV. CONCLUSION

For the reasons set forth above, DLG's and Timmons's motion to dismiss will be denied. An appropriate order shall follow.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: April 2, 2020